Joel E. Tasca, Esq.
Nevada Bar No. 14124
Andrew S. Clark, Esq.
Nevada Bar No. 14548
BALLARD SPAHR LLP
1980 Festival Plaza Drive, Suite 900
Las Vegas, Nevada 89135
Telephone:  702.471.7000
Facsimile:  702.471.7070
tasca@ballardspahr.com
clarkas@ballardspahr.com

Hara K. Jacobs, Esq.
(pro hac vice forthcoming)
Noah S. Robbins, Esq.
(pro hac vice forthcoming)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
jacobsh@ballardspahr.com
robbinsn@ballardspahr.com

*Attorneys for Smith & Wesson Brands, Inc., Smith & Wesson Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SMITH & WESSON BRANDS, INC. SMITH &WESSON INC., <br><br> Plaintiffs, <br><br> v. <br><br> SW NORTH AMERICA, INC., <br><br> Defendants. | CASE NO. <br><br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs Smith & Wesson Brands, Inc. and Smith & Wesson Inc. (collectively "Smith & Wesson" or "Plaintiffs"), by and through their undersigned counsel, submit the following Complaint against Defendant SW North America, Inc. ("SW North America" or "Defendant") and in support thereof aver as follows:

DMFIRM #405309817 v1

1.  Smith & Wesson is one of the oldest and best-known firearm manufacturers in the United States, and has been generally known to the public as "S&W" for more than 170 years. Smith & Wesson sells firearms and related products under its famous S&W® trademark, which has been federally registered for more than 100 years. Defendant SW North America manufactures and sells machining centers primarily focused on the automotive, agricultural, and aerospace industries. Defendant, however, has expanded the scope of its business, specifically targeting customers seeking to manufacture firearms and firearm parts. Defendant is now prominently advertising and marketing its machines and related services for manufacturing firearms and firearm parts using the marks "SW" and **SW**, including on its website, in social media, and at trade shows: "At SW, we know the challenges of heavy machining of tough gun steel because we have decades of experience in it." Defendant's use of the virtually identical "SW" mark to advertise and promote machinery and related services for the manufacture of firearms and firearm parts will inevitably cause confusion among consumers concerning an affiliation between the real S&W® – Smith & Wesson – and SW North America. Smith & Wesson seeks injunctive relief and monetary damages for SW North America's infringement of Smith & Wesson's trademarks, false association with Smith & Wesson, and for its unfair competition with Smith & Wesson.

## THE PARTIES

2.  Smith & Wesson Brands, Inc. is a Nevada corporation having its principal place of business at 2100 Roosevelt Avenue, Springfield, MA 01104.

3.  Smith & Wesson Inc. is a Delaware corporation having its principal place of business at 2100 Roosevelt Avenue, Springfield, MA 01104.

4.  Upon information and belief, SW North America, Inc. is a Michigan corporation having its principal place of business at 30160 Lyon Industrial Court, New Hudson, MI 48165.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

6.  This Court has personal jurisdiction over Defendant because it has purposefully directed the conduct at issue in this litigation to the residents of this State, including by using the infringing "SW" and **SW** marks at the 2022 SHOT Show held in Las Vegas, Nevada from January 18, 2022 through January 21, 2022.

7.  Venue lies in this District pursuant to 28 U.S.C. §1391.

## SMITH & WESSON AND THE ICONIC S&W® MARK

8.  Smith & Wesson, founded in 1852, was one of the first firearm manufacturers in the United States.

9.  Smith & Wesson has promoted its goods and services under the S&W® mark since approximately 1880.

10. Over the last 170 years of continuous operation, Smith & Wesson, and as it is known and referred to by consumers, "S&W", are synonymous with the manufacture, distribution, and sale of high quality firearms, firearm parts, and firearm accessories.

11. From Annie Oakley, the star female sharpshooter of the late 1800s (https://www.massmoments.org/moment-details/annie-oakley-purchases-smith-wesson-gun.html) to the Academy Award winning film series *Dirty Harry* (https://www.19fortyfive.com/2021/06/the-dirty-harry-44-magnum-the-classic-smith-wesson-gun-or-cannon/), Smith & Wesson's goods and services have been at the forefront of American history and American culture.

12. Smith & Wesson firearms have been used by United States and allied service members to protect the nation, including during World War I and World War II.

13. *Field and Stream* magazine named the Smith & Wesson .44 magnum popularized by Clint Eastwood in *Dirty Harry* as the best handgun ever manufactured.

14. In fiscal 2022 alone, Smith & Wesson sold over 1.9 million firearms under the S&W® mark and Smith & Wesson's net revenue exceeded $864.1 million. The comparable amounts for fiscal 2021 and fiscal 2020 were 2.6 million and $1.1 billion and 1.5 million and $530 million, respectively.

15. In fiscal 2022 alone, Smith & Wesson spent over $17 million to advertise and promote the goods and services offered under its S&W® mark including at trade shows, in social media, print publications, internet advertising, television, and in other media. The comparable advertising amounts for fiscal 2021 and fiscal 2020 were $12.5 million and $13.6 million, respectively.

16. Smith & Wesson's advertising reach is enormous and, in recent years, Smith & Wesson's advertisements featuring the goods and services offered under its S&W® mark have reached over one hundred million consumers annually.

17. In addition to its own advertising efforts, the S&W® mark is the subject of frequent unsolicited media references, many of which note the famous and iconic status of Smith & Wesson. *See, e.g.,* https://nationalinterest.org/blog/buzz/all-guns-made-smith-wesson-famous-89606 ("All the Guns That Made Smith & Wesson Famous"); https://nationalinterest.org/blog/reboot/americas-gun-smith-wessons-iconic-history-167070 ("After Colt, the Springfield, Massachusetts-based Smith & Wesson is arguably the most famous American firearms brand"); https://sofrep.com/news/smith-and-wesson-150-years-as-americas-most-iconic-gun-maker/ ("There are many American-made products that have become household names. From Coke to Levi's, these brands have been around for decades and have an impact on our culture. One of the most iconic firearms manufacturers is Smith and Wesson."). Indeed, the United States Library of Congress has catalogued Smith &

Wesson's history.  *See* https://guides.loc.gov/american-firearms/gunmakers/smith-wesson.

18. Demonstrating the public's indelible association of "S&W" with Smith & Wesson, a Google search for the letters "S&W", returns as the first search hit – Smith & Wesson.

19. Similarly, acronym dictionaries identify the letters S and W to mean Smith & Wesson.  https://www.allacronyms.com/S%26W/Smith_%26_Wesson ("S&W means Smith & Wesson"); https://acronyms.thefreedictionary.com/S%26W.

20. The SMITH & WESSON® brand and its associated S&W® mark are famous and world-renowned, as demonstrated by the popularity of its products with consumers, the countless movies, television shows, and articles in which the company's brand has appeared, and the prominence of the S&W® mark in American history, culture, and everyday life.

21. Smith & Wesson is the owner of numerous federal trademark registrations for its world-renowned and famous S&W® mark for a wide range of goods and services, including firearms and component parts.  The federal registration for the word mark S&W® in Class 13 covering revolvers, pistols, and guns, Registration No. 93,767, is more than 100 years old and is incontestable.  Copies of the pertinent registration details from the official records of the U.S. Patent & Trademark Office are attached as Exhibit A.

22. Smith & Wesson owns numerous federal trademark registrations for its S&W logo ⓦ in connection with a wide range of firearms and personal defense products.  Smith & Wesson's registrations for the ⓦ logo include the following, all of which are incontestable:

| Mark | Registration or Serial No. | Goods | Registration Date |
|---|---|---|---|
| (S&W logo) | 1,073,794 | Class 41: Educational services- namely, instruction in use of firearms, non-lethal weapons, breath-testing equipment, night surveillance equipment, and training for security guard personnel; and firearm instructors (Date of first use: April, 1970) | September 20, 1977 |
| (S&W logo) | 1,724,977 | Class 6: handcuffs (Date of first use: March 10, 1981)<br><br>Class 9: sunglasses and ear covers for hearing protection (Date of first use: August 1, 1989)<br><br>Class 13: firearms; namely, handguns, revolvers, pistols, gun cases, holsters and pouches for ammunition and shooting accessories (Date of first use: January 29, 1878)<br><br>Class 18: travel bags (Date of first use: January 1, 1989)<br><br>Class 25: vests, jackets, T-shirts, and sweatshirts (Date of first use: January 1, 1980)<br><br>Class 26: decorative cloth patches (Date of first use: January 1, 1980) | October 20, 1992 |
| (S&W logo) | 1,757,500 | Class 13: Holsters (Date of first use: July 1, 1990)<br><br>Class 25: Belts, made of leather, fabric or synthetic materials (Date of First Use: May 1, 1990) | March 9, 1993 |

| | | | |
|---|---|---|---|
| (logo) | 4,898,790 | Class 13: Sprays for personal defense purposes (Date of first use: October 19, 2004) | February 9, 2016 |
| (logo) | 4,009,364 | Class 8: Hunting knives; knives; knives for hobby use; leather sheaths for knives, pocket knives; sport knives (Date of first use: December 31, 1972) | August 9, 2011 |
| (logo) | 4,711,290 | Class 13: Airsoft guns for recreational purposes (Date of first use: April 23, 2003)<br><br>Class 28: Airsoft guns for recreational purposes (Date of first use: April 23, 2003) | March 31, 2015 |

Copies of the pertinent registration details from the official records of the U.S. Patent & Trademark Office are attached as Exhibit B.

23. Smith & Wesson's reputation for manufacturing world-class firearms has led to it becoming a recognized leader for manufacturing and engineering services. For example, Smith & Wesson offers plastic injection molding, metal forging, heat treating, and plating and finishing services to others.

**SW NORTH AMERICA TRADES ON SMITH & WESSON'S GOODWILL**

24. SW North America, founded in or about 2012, promotes itself as "a supplier of horizontal multi- and single- spindle CNC machining centers, automation, and complete system solutions." *See* www.sw-machines.com/us/company/sw-international/sw-north-america.

25. Upon information and belief, SW North America traditionally targeted its manufacturing services to industries such as the automotive, agricultural and aerospace industries.

26. Upon information and belief, SW North America recently expanded its business of providing machining tools and parts to include the firearms industry as a customer segment.

27. Upon information and belief, at the time SW North America investigated and ultimately decided to expand its business to include products and services for the manufacture of firearms and firearm parts, SW North America was well aware that "S&W" is synonymous with Smith & Wesson and firearms among the relevant consuming public.

28. Upon information and belief, SW North America knew that its use of the marks "SW" and **SW** to advertise, promote, and sell products and services for the manufacture of firearms and firearm parts would create a false association between itself and Smith & Wesson in the minds of consumers.

29. SW North America attended the 2022 Shooting, Hunting, Outdoor Trade Show ("SHOT Show") in Las Vegas, Nevada to promote and market its products and services specifically to the firearm industry. SHOT Show is the premier annual trade show in North America for the firearms industry (including for Smith & Wesson) and the largest annual professional convention for the sport shooting, hunting, and outdoor industry.

30. In promoting its goods and services directed to the firearms industry (including at the 2022 SHOT Show), SW North America refers to itself solely as "SW" or with the design mark **SW** . *See, e.g.,* https://shotshow.german-pavilion.com/en/exhibitors/89828/ ("Whether for the production of components for military grade firearms such as upper and lower receivers, or frames and slides for handguns—SW can help find the perfect solution for manufacturing your workpiece.").

31. As part of its expansion into the firearm industry, SW North America recently updated its website to include "firearms" among its "industries." www.sw-machines.com/us/company/sw-international/sw-north-america. SW North America

prominently uses the SW and  marks adjacent to "firearms" and synonymous terms on its website:



32. SW North America promotes its capabilities to the firearms industry on its LinkedIn feed, including using the SW mark together with an essential firearm component – a slide:

33. Upon information and belief, SW North America is well aware that consumers who encounter the mark SW on or in close proximity to a slide for a

DMFIRM #405309817 v1                                    9

firearm are likely to believe that the slide is associated, connected, or affiliated with Smith & Wesson or approved by Smith & Wesson.

34. SW North America's use of the SW word mark and **SW** logo in connection with the manufacture of firearms and firearm component parts will invariably cause confusion among consumers as to whether SW North America is affiliated or associated with, or sponsored by, Smith & Wesson.

35. Upon learning of SW North America's expansion into the firearms industry, Plaintiffs attempted to amicably resolve this matter through negotiations with SW North America's parent company and with SW North America itself. Despite repeated representations from SW North America that it wanted to resolve this dispute, SW North America, through its counsel, has stonewalled Smith & Wesson with silence. Plaintiffs bring this action because SW North America refuses to cease trading off the goodwill and reputation of Smith & Wesson and to ensure that consumers are not deceived as to the source of SW North America's goods and services.

## FIRST CLAIM FOR RELIEF
### (Infringement of Trademark, Violation of 15 U.S.C. § 1114)

36. Smith & Wesson incorporates by reference the allegations of ¶¶ 1-35 above as if fully set forth herein.

37. Smith & Wesson is the owner of the S&W® Mark, including the incontestable federal trademark registrations for the S&W® Mark.

38. SW North America's use of the SW and **SW** marks is likely to lead consumers and other members of the public to believe the goods and services offered by SW North America are associated with, sponsored by, related to, affiliated with, or originated from Smith & Wesson when, in fact, they are not and did not.

39. Smith & Wesson has been damaged by SW North America's infringement of the S&W® Mark in an amount to be proven at trial, and Smith &

Wesson is entitled to treble damages, costs, and attorneys' fees, pursuant to 15 U.S.C. § 1117.

40. Smith & Wesson's goodwill is of tremendous value and Smith & Wesson will suffer irreparable harm should SW North America's infringement be allowed to continue to the detriment of Smith & Wesson's reputation and goodwill.

41. SW North America's infringement will continue unless enjoined by this Court and with respect to these continuing violations, Smith & Wesson has no adequate remedy at law and is therefore entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, Federal Unfair Competition/False Advertising, Violation of 15 U.S.C. § 1125(a))

42. Smith & Wesson incorporates by reference the allegations of ¶¶ 1-41 above as if fully set forth herein.

43. Defendant's actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant, Defendant's services/goods, and/or Defendant's commercial activities by or with Smith & Wesson, and thus constitute trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44. Defendant's acts as alleged herein constitute false designation of origin, unfair competition, and false advertising in violation of 15 U.S.C. § 1125(a).

45. Smith & Wesson has been damaged by Defendant's conduct in an amount to be proven at trial. Smith & Wesson is also entitled under the Lanham Act to injunctive relief, actual damages, and disgorgement of Defendant's profits.

## THIRD CLAIM FOR RELIEF
### (False Association in Violation of 15 U.S.C. § 1125(a))

46. Smith & Wesson incorporates by reference the allegations of ¶¶ 1-45 above as if fully set forth herein.

47. For over 170 years, Smith & Wesson has been known to the consuming public as S&W.

48. SW North America is holding itself out to the public as SW and is using the SW and **SW** marks in interstate commerce, including on its website, in social media, and at trade shows and conventions.

49. SW North America's use of the SW and **SW** marks is likely to create a false association with Plaintiffs' S&W and ⓦ marks given the similarity of the marks and the incredibly strong association that consumers hold between "S&W" and Smith & Wesson in connection with firearms and firearm accessories.

50. Consumers who encounter Defendant's SW and **SW** marks will be misled into believing that Defendant is associated with Plaintiffs because consumers associate S&W with Smith & Wesson.

51. Defendant's use of the SW and **SW** marks constitutes false designation of origin and a false representation that Defendant's products or services are manufactured, sponsored, authorized, licensed by or are otherwise connected or affiliated with Plaintiffs, or come from the same source as Plaintiffs' products and services in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. On information and belief, Defendant's activities are willful and in bad faith, and purposefully intended to trade on the goodwill embodied in Plaintiffs' S&W and ⓦ marks.

53. As a direct and proximate result of Defendant's conduct, Plaintiffs have sustained and will continue to sustain substantial damages to their reputation and to their business. As a result of Defendant's conduct described above, Plaintiffs have sustained and will sustain irreparable injury for which no adequate remedy at law exists.

### FOURTH CLAIM FOR RELIEF
### (Trademark Infringement and Unfair Competition Under Nevada Common Law)

54. Smith & Wesson incorporates by reference the allegations of ¶¶ 1-53 above as if set forth fully herein.

55. Defendant's actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant, Defendant's services/goods, and/or Defendant's commercial activities by or with Smith & Wesson, and thus constitute common-law trademark infringement, unfair competition, and false designation of origin under the common law of Nevada.

WHEREFORE, Plaintiffs request judgment as follows:

A. That Defendant, and all those acting in concert with it, be permanently enjoined from using the SW mark, the **SW** mark and any other mark that is confusingly similar to Plaintiff's S&W® Mark in connection with machining and related services for manufacturing firearms and firearms parts;

B. That Smith & Wesson be awarded actual damages and statutory damages, in an amount to be proven at trial;

C. That Smith & Wesson be awarded treble damages, under 15 U.S.C. § 1117, in an amount to be proven at trial;

D. That Defendant pay to Smith & Wesson all of the profits derived from use of the infringing the SW mark and/or the **SW** mark in connection with its machining and related services for manufacturing firearms and firearms parts;

E. That the Court find this case exceptional within the meaning of 15 U.S.C. § 1117 and award to Smith & Wesson its attorneys' fees and costs incurred herein; and

F. That Smith & Wesson be awarded such other and further relief as the Court deems just and proper.

DATED this 20th day of October, 2022.

                    BALLARD SPAHR LLP

                    By: /s/ Joel E. Tasca
                    Joel E. Tasca, Esq.
                    Nevada Bar No. 14124
                    Andrew S. Clark, Esq.
                    Nevada Bar No. 14854
                    1980 Festival Plaza Drive, Suite 900
                    Las Vegas, Nevada 89135

                    Hara K. Jacobs, Esq.
                    (pro hac vice forthcoming)
                    Noah S. Robbins, Esq.
                    (pro hac vice forthcoming)
                    Ballard Spahr LLP
                    1735 Market Street, 51st Floor
                    Philadelphia, Pennsylvania 19103

                    *Attorneys for Plaintiff Smith & Wesson Inc.*