UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SMITH & WESSON BRANDS, INC. SMITH & WESSON, INC., <br><br>Plaintiff(s), <br><br>v. <br><br>SW NORTH AMERICA, INC., <br><br>Defendant(s). | Case No. 2:22-CV-1773 JCM (EJY) <br><br>ORDER |

Presently before the court is plaintiffs Smith & Wesson Brands, Inc. ("Brands") and Smith & Wesson Inc.'s ("S&W") (collectively "plaintiffs") special motion to dismiss SW North America, Inc.'s ("defendant) counterclaims. (ECF No. 34). Defendant filed a response (ECF No. 41), to which plaintiffs replied (ECF No. 42).

Also before the court is defendant's motion for leave to supplement. (ECF No. 49). Plaintiffs filed a response. (ECF No. 51). Additionally, before the court is defendant's motion to dismiss. (ECF No. 52). Plaintiffs filed a response (ECF No. 53), to which defendant replied (ECF No. 52).

**I.  Background**

This action arises out of alleged trademark infringement. (ECF No. 50). Brands is the parent company of S&W. *Id.* As alleged in the complaint, S&W owns numerous federal trademark registrations in a stylized "S&W" logo for firearms, firearm accessories, handcuffs, clothing and accessories, sprays for personal defense, and knives. *Id.*

Defendant is a supplier of industrial machining equipment, specifically horizontal multi- and single- spindle CNC machining centers, automation, and complete system solutions. *Id.*

**James C. Mahan**
**U.S. District Judge**

Defendant targets the automotive, agricultural, and aerospace industries, but it has allegedly expanded its business of providing machining tools and parts for the firearms industry. *Id.*

Plaintiffs contends that defendant is aware that "S&W" is synonymous with their firearms among the consuming public. *Id.* Plaintiffs further state that defendant used a "SW" mark to advertise, promote, and sell products and services for the manufacture of firearms and firearm parts. *Id.*

Thus, plaintiffs bring this lawsuit alleging that defendant's use of the "SW" is intentionally similar to their "S&W" mark, and that the use of "SW" is likely to damage their commercial interests. *Id.* Their complaint brings several claims under the Lanham Act and Nevada law related to this alleged similarity. Defendant also brings several counterclaims related to alleged interference with its business. The parties now cross-move for dismissal of each other's pleadings, albeit on different grounds.

**II.    Legal Standard**

A.  <u>Anti-SLAPP special motion to dismiss</u>

"A strategic lawsuit against public participation, SLAPP for short, is a meritless lawsuit that a plaintiff initiates to chill a defendant's freedom of speech and right to petition under the First Amendment." *Pope v. Fellhauer*, 437 P.3d 171 (Nev. 2019) (citing Nev. Rev. Stat. § 41.637). Nevada's "anti-SLAPP" statute allows defendants to file "a special motion to dismiss—the anti-SLAPP motion—if he or she can show the plaintiff's claim targets 'a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern.'" *Id.* (quoting Nev. Rev. Stat. § 41.660(1)).

Anti-SLAPP motions are adjudicated in two stages. First, the defendant must show "by a preponderance of the evidence, that the claim [was] based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." *Id.* (citing Nev. Rev. Stat. § 41.660(3)(a)). If the defendant meets its burden, then the court must determine "whether the plaintiff has demonstrated with prima facie evidence a probability of prevailing on the claim." Nev. Rev. Stat. § 41.660(3); *see also* Nev. Rev. Stat. §

41.665; *Shapiro v. Welt*, 389 P.3d 262, 266 (Nev. 2017) ("After 2013 . . . the plaintiff's burden increased to clear and convincing evidence.").

When discussing how to conduct this analysis *in Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, the Ninth Circuit held:

> "Once it is determined that an act in furtherance of protected expression is being challenged, the plaintiff must show a "reasonable probability" of prevailing in its claims for those claims to survive dismissal. To do this, the plaintiff must demonstrate that "the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."

890 F.3d 828, 833 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018), *and cert. denied sub nom. Ctr. for Med. Progress v. Planned Parenthood Fed'n of Am.*, 139 S. Ct. 1446 (2019) (citations omitted) ("*Planned Parenthood*").

Thus, the court applies two different standards depending on the basis of the anti-SLAPP motion. On one hand, "[i]f a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) . . . ." *Id.* at 834. On the other hand, "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply." *Id.*

B.  Motion to dismiss

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

James C. Mahan
U.S. District Judge

- 3 -

matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of

**James C. Mahan**
**U.S. District Judge**

- 4 -

the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.    Discussion**

    A.  Anti-SLAPP

        *1. Defendant cannot avoid the special motion to dismiss by amending its complaint*

In October 2022, plaintiffs filed their complaint. (ECF No. 1). Defendant then filed its answer, which included three counterclaims. (ECF No. 24). A month after defendant's answer, plaintiff filed a special motion to dismiss the counterclaims under Nevada's anti-SLAPP statute. (ECF No. 34). Two months later, plaintiffs then amended their complaint. (ECF No. 50).

Defendant now claims that because plaintiffs amended their complaint, it is entitled to amend its answer, and because of that amendment, it can remove the offending counterclaims and moot the special motion to dismiss. But to allow that would be to circumvent the purpose of the anti-SLAPP statute entirely.

"Nevada's anti-SLAPP statutes aim to protect First Amendment rights by providing defendants with a procedural mechanism to dismiss 'meritless lawsuit[s] that a party initiates primarily to chill a defendant's exercise of his or her First Amendment free speech rights' before incurring the costs of litigation" *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019) (quoting *Stubbs v. Strickland*, 27 P.3d 326, 329 (Nev. 2013)) (alteration in original). Anti-SLAPP statues are designed "to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit." *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 45 Cal.Rptr.3d 633, 637 (2006) (citation omitted) (internal quotation marks omitted).

When applying the Nevada anti-SLAPP statute, Nevada courts often look to California courts for guidance. *See Shapiro v. Welt*, 389 P.3d 262, 268 (Nev. 2017) (adopting California's

**James C. Mahan**
**U.S. District Judge**

- 5 -

guiding principles for determining whether an issue is of public interest under NRS 41,637); *Delucchi v. Songer*, 396 P.3d 826, 833 (Nev. 2017) (stating that the Supreme Court of California's rationale when determining what constitutes "good faith communication" is persuasive and consistent with Nevada anti-SLAPP caselaw); *Patin v. Ton Vinh Lee*, 429 P.3d 1248, 1249 (Nev. 2018) (adopting California's framework for determining if a statement is in "direct connection with an issue under consideration by a judicial body" for the purposes of NRS 41.637(3)). Indeed, as the Nevada Supreme Court has previously observed, the Nevada and California anti-SLAPP statutes are functional equivalents. *Taylor v. Colon*, 482 P.3d 1212, 1216 (Nev. 2020).

In its motion for leave to file a supplement, defendant takes the position that plaintiffs' amended complaint moots an anti-SLAPP motion directed to a prior pleading. (ECF No. 49) (citing *JKC3H8 v. Colton*, 164 Cal. Rptr. 3d 450, 456 (2013)). However, in the case law defendant cites in its proposed supplement, the prior pleading at issue was amended before the filing of the anti-SLAPP motion. *Id.* at 457. The court in that case held that an amended complaint supersedes the original one and it was reversible error to grant summary adjudication on a cause of action contained in a previous complaint. *Id.* Put another way, the anti-SLAPP motion itself was directed toward an inoperative complaint at the time it was filed and was thus moot.

Here, defendant did not seek to amend its complaint until after the anti-SLAPP motion had been brought. Plaintiffs, when they filed their anti-SLAPP motion, were not attempting to strike a mooted pleading. Instead, the motion targeted what at the time was the operative pleading containing the counterclaims.

It is clear defendant is attempting to use the amendment to retroactively dispense of its counterclaims in order to avoid liability before the court has ruled on the anti-SLAPP motion.

Accordingly, the court finds that plaintiff's special motion to dismiss is not mooted by defendant's amended pleading. To that end, defendant's motion to supplement is also DENIED because filing of that supplement will not make a substantive difference in the court's decision.

. . .

**James C. Mahan**
**U.S. District Judge**

- 6 -

*2. Anti-SLAPP motion*

According to the Supreme Court of Nevada, there is a two-prong test when analyzing an anti-SLAPP motion. *See Rosen v. Tarkanian*, 453 P.3d 1220, 1223 (2019). First, the court must determine whether the moving party made a protected communication in good faith. *Id.* at 439. Second, if the movant has satisfied the first prong, the court evaluates whether they have demonstrated a probability of prevailing on the supposed SLAPP claim. *Id.* at 438–439.

Prong one of the analyses begins with determining what constitutes a protected communication. Nevada's anti-SLAPP statute protects the filing of a complaint since it is a written statement made in direct connection with an issue under consideration by a judicial body. Nev. Rev. Stat. 41.637(3). Further, a complaint is protected by absolute litigation privilege. *See Bullivant Houser Bailey PC v. Eighth Jud. Dist. Ct. of State ex rel. Cnty. of Clark*, 381 P.3d 597 (2012) (defining absolute litigation privilege as communications made in the course of judicial proceedings). Plaintiffs have therefore satisfied the burden of proof for the first prong of the test by establishing that the filing of a complaint is a protected communication subject to absolute privilege.

Defendant must necessarily fail the second prong, as one cannot satisfy this prong where the claim is predicated on an act that is privileged. *Williams v. Lazer*, 495 P.3d 93, 99 (Nev. 2021) (holding "absolute litigation privilege applies at the second prong of the anti-SLAPP analysis because a plaintiff cannot show a probability of prevailing on his claim if a privilege applies to preclude the defendant's liability").

Defendant posits that its counterclaims are not retaliatory in nature but rather allegations of possible harm that it expected to incur during the SHOT Show. (ECF No. 41 at 12). This court however cannot declare rights in hypothetical cases and must adjudicate only live cases and controversies. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). Accordingly, plaintiffs' special motion to dismiss is GRANTED.

Under Nevada law, if the court grants a special motion to dismiss, the court shall award reasonable costs and attorney fees to the person whom the action was brought. Nev. Rev. Stat.

James C. Mahan
U.S. District Judge

41.670(1)(a). Because this court has granted the special motion to dismiss, it is appropriate to award attorney fees to plaintiffs, but parties fail to brief the issue. The court therefore declines to award attorney fees.

B. Motion to dismiss

Defendant also moves to dismiss plaintiffs' claims. It argues that plaintiffs lack standing and have failed to adequately plead their claims. Both of those arguments fail, however, and defendant's motion to dismiss (ECF No. 52) is DENIED.

*1. Lanham Act standing*

Defendant argues that plaintiffs' 15 U.S.C. §1125(a) allegations are improper because they lack standing. To establish standing under 15 U.S.C. § 1125(a), a plaintiff must show "that he or she is either (1) the owner of a federal mark registration, (2) the owner of an unregistered mark, or (3) *a nonowner with a cognizable interest in the allegedly infringed trademark.*" *Halicki Films, LLC v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1225 (9th Cir. 2008) (emphasis added). A cognizable interest is synonymous with "injury in fact." *See Clark v. City of Lakewood*, 259 F.3d 996, 1011 n.7 (9th Cir. 2001), *as amended* (Aug. 15, 2001). When dealing with claims of false association and false designation of origin, plaintiffs need to assert only commercial damage resulting from the misleading use of a trademark establish standing. *Barrus v. Sylvania*, 55 F.3d 468, 469–70 (9th Cir. 1995).

Here, Brands and S&W both have standing to bring challenges under 15 U.S.C. 1125(a). Plaintiffs claim they have suffered commercial damage due to defendant's utilization of the mark, asserting that it has led to customer confusion and detriment to the plaintiff's reputation. (ECF No. 53). S&W owns numerous federal trademark registrations for the logo at issue, making its standing clear. (ECF No. 50). S&W is an indirect wholly-owned subsidiary of Brands, and both have a direct pecuniary interest in the strength of the S&W marks. *Id.* Plaintiffs' allegations, taken as true, are sufficient to avoid dismissal.

*2. Nevada common law*

Defendant also seeks to dismiss S&W's state law trademark claims. The required elements to establish a case of common law trademark infringement in Nevada mirror those

James C. Mahan
U.S. District Judge

found in § 43(a) of the Lanham Act. *Caesars World, Inc. v. Milanian*, 247 F. Supp. 2d 1171, 1193 (D. Nev. 2003). Additionally, "all courts follow the rule that after a valid assignment, the assignee acquires all of the legal advantages of the mark that the assignor enjoyed, including priority of use." *Dropbox, Inc. v. Thru Inc.*, No. 15-CV-01741-EMC, 2016 WL 7116717, at *6 (N.D. Cal. Dec. 7, 2016), aff'd, 728 F. App'x 717 (9th Cir. 2018) (quoting 3 McCarthy on Trademark § 18:15 (4th ed. 2002)).

Defendant argues that S&W's allegations of owning all common law rights to the S&W marks are unfounded. This is a factual determination that the court cannot make at this time. S&W claims that it is the legal assignee of the S&W mark, and thus enjoys the common law benefits resulting from that assignment.

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's motion to dismiss (ECF No. 34) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendant's motion for leave to file a supplement (ECF No. 49) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 52) be, and the same hereby is, DENIED.

DATED July 5, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**