UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

SMITH & WESSON BRANDS, INC.,
SMITH & WESSON, INC.,

        Plaintiff,

v.

SW NORTH AMERICA, INC.,

        Defendant.

Case No. 2:22-cv-01773-JCM-EJY

**ORDER**

Pending before the Court is Plaintiffs' Motion for Attorneys' Fees (ECF No. 69).  The Court reviewed the Motion, Defendant's Opposition (ECF No. 72), and Plaintiffs' Reply (ECF No. 74).

**I.     Background**

On July 5, 2023, the Court entered an Order granting Plaintiffs' special motion to dismiss Defendant's counterclaims under NRS 41.660, Nevada's anti-SLAPP statute.  ECF No. 63.  In its current Motion, Plaintiffs argue they are entitled to a mandatory attorneys' fees award of $33,125.00 under NRS 41.670(1)(a) because they prevailed on their special motion to dismiss.  ECF No. 69 at 2-3, ECF No. 74 at 6.[1]  Plaintiffs contend the balance of the *Kerr*[2] factors, as reflected in LR 54-14, indicates the hours spent and rates charged were reasonable.  ECF No. 69 at 4-8.

Defendant responds that the hourly rates charged by Plaintiffs' counsel reflect the Philadelphia market, not the Las Vegas market, and should be adjusted downward.  ECF No. 72 at 5.  Defendant argues the legal fees sought are too high for the work done, and Plaintiffs' invoices include some duplicate billing.  *Id.* at 5-6.  Defendant concludes that Plaintiffs' request for additional fees in connection with their Reply to Defendant's Opposition should be denied.  *Id.* at 6.[3]

---

[1]     Plaintiffs request $23,807.25 incurred in connection with their special motion to dismiss and $9,317.75 incurred in connection with the instant Motion.  ECF No. 69 at 2-3, ECF No. 74 at 6.

[2]     *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975).

[3]     Defendant also argues the Court already declined an award of attorneys' fees; therefore, the current Motion should be denied.  ECF No. 72 at 4.  NRS 41.670(1)(a) states: "[i]f the court grants a special motion to dismiss filed pursuant to NRS 41.660 … [t]he court shall award reasonable costs and attorney[s'] fees against whom the action was brought."  In accordance with the statute, and because Plaintiffs prevailed on their special motion to dismiss, an award of attorneys' fees is mandated.  The Court acknowledged this mandate in its Order while recognizing the parties fail to brief the issue.  ECF No. 63 at 7-8.  It was this basis on which the Court declined to award fees.  *Id.*

In their Reply, Plaintiffs argue their most senior attorney is more experienced than any of the attorneys in the cases Defendant cites in support of its contentions.  ECF No. 74 at 4.  Plaintiffs further argue that in *Gunn v. Drage*, Case No. 2:19-cv-2102-JCM-EJY, 2021 WL 848640, at *4 (D. Nev. Mar. 5, 2021), which the Ninth Circuit affirmed in part at 2023 WL 3043651 (9th Cir. Apr. 21, 2023), the Court held rates between $525 and $675 were "reasonable and appropriate," so counsel's rates (which range from $315 per hour to $675 per hour) are appropriate as well.  *Id.*  Plaintiffs argue Defendant does not explain why the amount of time spent on the Reply related to the special motion to dismiss was unreasonable and analogous case law supports Plaintiffs' billing.  *Id.* at 5.  Finally, Plaintiffs argue that they are entitled to attorneys' fees incurred in connection with the instant Motion and related briefing because there are other cases that "accommodat[e], consider[ ], and award[ ] such fees." *Id.* at n. 1.

**II.    Discussion**

The Court has broad discretion in determining the reasonableness of attorney fees.  *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992)).[4]  The Court applies the "lodestar method" when considering fees, which "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate."  *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (citing *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir.2001)).

A.    Reasonableness of Hours Billed.

i.    *Special Motion to Dismiss*.

Plaintiffs seek to recover attorneys' fees for 14.8 hours billed by partner Hara K. Jacobs; 21.5 hours billed by partner Noah Robbins; and 2.4 hours billed by associate Madeleine Coles for a total

---

[4]    "[A] court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). These factors include: "(1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) time limitations imposed by the client or the circumstances; (7) the amount involved and the results obtained; (8) the experience, reputation and ability of the attorneys; (9) the 'undesirability' of the case; (10) the nature and length of the professional relationship with the client; and (11) awards in similar cases." *Id.* at 1045 n.2 (citation omitted).  Defendant only challenges the reasonableness of the billing rate (ECF No. 72 at 4-5); thus, the Court does not address additional factors in its analysis.

of 38.7 hours of work.  ECF No. 69 at 3-4.  The Court may exclude hours arising from overstaffing, duplication, excessiveness or that are otherwise unnecessary.  *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983); *see also Cruz v. Alhambra School Dist.*, 601 F.Supp.2d 1183, 1191 (C.D. Cal. 2009).  Mr. Robbins, a partner, drafted and revised the special motion to dismiss.  *See, e.g.*, ECF No. 69-2 at 3, 4, 13.  Ms. Jacobs, also a partner, revised Mr. Robbins' drafts.  *See, e.g.*, *id.* at 3, 4, 5, 13, 23.  The Court finds it unusual and excessive to have two partners billing on one motion, with one partner revising another partner's work.  For this reason, the Court reduces the time billed on the motion to dismiss by the number of hours Ms. Jacobs billed to revise Mr. Robbins' work.  The Court allows Mr. Robbins' 21.5 hours and Ms. Coles' 2.4 hours, for a total of 23.9 hours, billed in connection with the special motion to dismiss.

> ii.    *Motion for Attorneys' Fees.*

Plaintiffs seek attorneys' fees for 8.9 hours billed by Ms. Coles, 4.9 hours billed by Mr. Robbins, 4.1 hours billed by Ms. Jacobs, and 2.2 hours billed by paralegal Keith Garland incurred in connection with the instant Motion for Attorneys' Fees.  ECF Nos. 69-1 at 4; 74-1 at 3.[5]  "The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed."  *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."  *Hensley*, 461 U.S. at 433.

Here, Plaintiffs did not include invoices to support their fees on fees request.  Instead, Plaintiffs provide brief descriptions of the work done without billing statements.  ECF Nos. 69-1 at 4; 74-1 at 3.  Plaintiffs offer no explanation for their decision.  Accordingly, the Court disallows Mr. Garland's 2.2 hours (paralegal time) as unsupported.  The Court allows the 8.9 hours billed by Ms. Coles on the Motion and Reply.  Ms. Jacobs spent 3.3 hours on the Motion and Mr. Robbins spent

---

[5]    Defendant opposes this "fees on fees" request (ECF No. 72 at 6); however, "[i]n statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  *In re Nucorp Energy, Inc*., 764 F.2d 655, 659–660 (9th Cir. 1985).  "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee."  *Camacho*, 523 F.3d at 981 (internal citation omitted).  Plaintiffs seek an attorneys' fee award that is mandated by statute.  NRS 41.670(1)(a).  The Court grants Plaintiffs' fees on fees request.

1  4 hours on the Reply, which the Court finds non-duplicative and reasonable.  The Court awards a

2  total of 16.2 hours billed in connection with the Motion for Attorneys' Fees.

3        B.    <u>Reasonableness of Rates Billed</u>.

4        Plaintiffs ask the Court to apply the following billing rates: $675.00 per hour for Ms. Jacobs;

5  $607.50 for Mr. Robbins; and $315.00 for Ms. Coles.  ECF No. 69 at 3-4.  When determining the

6  reasonable hourly rate to be applied to an award of attorneys' fees, the Court must consider the

7  "prevailing market rates in the relevant community" and compare the rates of "lawyers of reasonably

8  comparable skill, experience and reputation" to the rates requested in the case before the Court.

9  *Soule v. P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667,

10  at *1 (D. Nev. July 26, 2019) (internal citation omitted).

11        The Court recently found that when counsel is an "experienced litigator … with a career

12  spanning more than two decades … there is ample case law establishing that the upper range of

13  prevailing rates in this District is $450 for partners."[6]  *Doe v. Burns*, Case No. 2:22-cv-0476-GMN-

14  VCF, 2023 WL 2020961, at *3 (D. Nev. Feb. 14, 2023).  *See also Wunderlich v. State Farm Mut.*

15  *Auto. Ins. Co.*, Case No. 2:21-cv-00486-JAD-EJY, 2021 WL 6138236, at *2 (D. Nev. Dec. 28, 2021)

16  (finding that a reasonable rate for a 30-year practitioner, whose reputation in the community was

17  well-known, was $550 per hour).  Given that Ms. Jacobs and Mr. Robbins' proposed rates exceed

18  the upper threshold for the Las Vegas market ($450-$550), the Court declines to award the rates

19  requested.  In recognition of Ms. Jacobs' over 25 years of experience in light of the reasonable hourly

20  rate in the District of Nevada, the Court finds a reasonable hourly rate for her representation is $550

21  per hour.  Mr. Robbins has over 15 years of litigation experience.  ECF No. 69 at 7.  The Court

22  recently found that a 19-year practitioner's billing rate of $435 was reasonable.  *Kurian v. SNAPS*

23  *Holding Co.*, Case No. 2:19-cv-01757-GMN-EJY, 2023 WL 7014963, at *2 (D. Nev. Oct. 24, 2023).

24  Mr. Robbins' rate ($607.50) is 90% of Ms. Jacobs' rate ($675.00), which the Court applies to award

25  Mr. Robbins the hourly rate of $495.

26

27
28     [6]    Plaintiffs cite to *Gunn v. Drage;* however, this case is distinguishable as the *Gunn* dispute began in California state court, dealt with California law, and resulted in hiring California counsel, which in part explained the high rates. *Gunn*, 2021 WL 848640, at *4, *aff'd in part, rev'd in part and remanded*, 2023 WL 3043651.

The Court finds Ms. Coles' rate of $315 per hour is reasonable as an associate "with experience in commercial litigation and media law."  *See Sciara v. Campbell*, Case No. 2:18-cv-01700-DJA, 2021 WL 8321866, at *3 (D. Nev. Apr. 28, 2021) (finding an appropriate hourly rate for an associate with 10 years of experience to be $380-$390, and an associate with approximately 4 years of experience to be $325).  Nonetheless, the Court finds Ms. Coles' work on the motion to dismiss was akin to that of a paralegal.  ECF No. 69-2 at 6 ("review[ed the Motion] … and format … for filing in the District of Nevada"); *id*. at 9 ("[r]eview defendant's response to anti-slapp motion"); *id*. at 13 ("[p]repare reply in support of anti-slapp motion for filing"); *id*. at 14 ("[c]omplete final edit and review of reply"); and *id*. at 24 ("[r]eview opposition to motion for leave to supplement and format[ted] for filing").  "[W]here tasks could be performed by a paralegal, the amount awarded [should] be based on a paralegal rate."  *Rowland v. Metro. Life Ins. Co*., Case No. SACV-08-00714-JVS (FFMx), 2009 WL 10673596, at *4 (C.D. Cal. Aug. 13, 2009).  The typical range in this District for paralegal hourly rates is between $75 and $125.  *See, e.g., Int'l Inst. of Mgmt. v. Org. for Econ. Coop. & Dev*., Case No. 2:18-cv-01748-JCM-GWF, 2019 WL 5578485, at *7 (D. Nev. Oct. 29, 2019) (in copyright infringement case, noting that the typical range for paralegal rates in Las Vegas range from $75 to $125); *see also Sciara*, 2021 WL 8321866, at *3 ("[g]enerally, paralegals command rates between $75 and $125").  In recognition of Ms. Coles' role as a practicing attorney, the Court finds the upper end paralegal range, at $125 an hour, to be reasonably applied to the work she performed on the special motion to dismiss.

The work Ms. Coles did on the Motion for Attorneys' Fees and supporting Reply is appropriately ascribed to an attorney with the exception of .06 hours spent "reviewing time sheets and calculating time and fees."  ECF No. 69-1 at 4.  Thus, while .06 hours are calculated at the paralegal rate, the remaining hours billed (8.3) are calculated at the associate rate of $315 per hour.

In sum, the Court awards the following:

Ms. Jacobs:    3.3 hours x $550 per hour = $1,815.00

Mr. Robbins:  25.5 hours x $495 per hour = $12,622.50

Ms. Coles:    8.3 hours x $315 per hour = $2,614.50

Ms. Coles:    3 hours x $125 per hour = $375.00

The total fee award is $17,427.00

**III.     Order**

Accordingly, IT IS HEREBY ORDERED that Defendant is to pay Plaintiffs the total amount of $17,427.00 in attorneys' fees associated with Plaintiffs' special motion to dismiss and Motion for Attorneys' Fees.

IT IS FURTHER ORDERED that this payment **must** be made no later than thirty (30) days after the date of this Order.

Dated this 3rd day of November, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE